UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JAMES ULBIN                                :
        Plaintiff,                    :
                           :
    v.                                     :          C.A. No. 23-508WES
                           :
FEDEX SHIP CENTER, REMAX          :
PROFESSIONALS, STEVE ERINAKES, :
        Defendants.                   :

**REPORT AND RECOMMENDATION OF SUMMARY DISMISSAL
PURSUANT TO 28 U.S.C. § 1915(e)**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Before the Court is the *pro se* application of Plaintiff James Ulbin, a Rhode Island citizen, to proceed *in forma pauperis* ("IFP"). ECF No. 2. Plaintiff's application establishes that he faces financial circumstances sufficiently dire to qualify for IFP status. However, his IFP application imposes on the Court the *sua sponte* duty to review his Complaint under 28 U.S.C. § 1915(e)(2)(B) and to dismiss it if it "fails to state a claim on which relief may be granted" or is "frivolous or malicious." Having reviewed the Complaint carefully and for the reasons set forth below, I recommend that it be summarily dismissed without prejudice because this Court lacks subject matter jurisdiction.

I.    <u>**Background**</u>

Invoking the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, Plaintiff purports to sue a Rhode Island citizen, his landlord, Steve Erinakes; a Rhode Island entity, ReMax Professionals; and the Warwick, Rhode Island, shipping office of FedEx. He claims that his landlord, Mr. Erinakes, has repeatedly come to his residence and verbally threatened to evict him; that he received "door tag" notice that FedEx was holding a package for him but he did not inquire about it until after it was returned to the sender; that Mr. Erinakes subsequently tried to

hand deliver to him a FedEx envelope and a ReMax Professionals envelope; and that a FedEx employee told him the door tag and the FedEx envelope were not related, which was inaccurate. ECF No. 1 at 4. To trigger federal question jurisdiction, the Complaint cites 18 U.S.C. § 1512 (federal criminal statute that establishes crime of witness tampering); 18 U.S.C. § 912 (federal criminal statute that establishes crime of impersonating official of United States to demand money); 18 U.S.C. § 1341 (federal criminal statute that establishes crime of scheming to defraud); and 18 U.S.C. § 1349 (federal criminal statute that establishes crime of conspiracy to defraud).[1] Otherwise, it contains nothing suggesting a claim based on the Constitution or any law or treaty of the United States. Rather, Mr. Ulbin appears to be asserting a state law claim against his landlord, possibly for breach of the lease agreement and/or for violation of Rhode Island statutory or common law governing the relations between landlords and tenants. Based on the facts alleged in the pleading, it does not appear that Mr. Ulbin has stated any claim at all against either ReMax Professionals or the FedEx shipping office.

## II.    Analysis and Recommendation

This case should be summarily dismissed because the Court lacks subject matter jurisdiction. See Gates v. Amundsen, No. 2:20-cv-00487-NT, 2021 WL 139477, at *1-2 (D. Me. Jan. 14, 2021) (dismissal at screening because "federal courts are courts of limited jurisdiction") (quoting Home Depot U.S.A., Inc. v. Jackson, 139 S. Ct. 1743, 1746 (2019)) (internal quotation

---

[1] Plaintiff has not invoked the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. §§ 1961-1968, which creates a private right of action for persons harmed by the conduct of an enterprise through a pattern of racketeering, defined to include acts indictable under 18 U.S.C. § 1341 and § 1512. 18 U.S.C. §§ 1961, 1964(c). Had he done so, I nevertheless recommend dismissal at screening because the pleading fails to allege facts sufficient to establish any of the elements required to state a civil RICO claim. See Langan v. Smith, 312 F. Supp. 3d 201, 204 (D. Mass. 2018) ("successful civil RICO action requires proof of four elements: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity") (internal quotation marks and citation omitted); Prall v. Bush, No. CA 10-16 S, 2010 WL 717780, at *1-6 (D.R.I. Mar. 1, 2010) (complaint dismissed at screening because plaintiff failed adequately to plead RICO conspiracy with sufficient particularity or otherwise to plead RICO civil action resulting in injury to plaintiff's business or property).

marks omitted).  Having liberally reviewed Plaintiff's allegations and legal claims since they have been put forth by a *pro se* litigant, <u>Avelin v. Ray</u>, C.A. No. 20-00457-WES, 2020 WL 6487814, at *1 (D.R.I. Nov. 4, 2020), <u>adopted sub nom.</u> <u>Avelin v. Roy</u>, 2021 WL 291207 (D.R.I. Jan. 28, 2021), it is clear that he cannot sustain a federal question claim based on any of the statutes he has cited because they do not create a federal private right of action.  <u>See</u> <u>Gates</u>, 2021 WL 139477, at *1 (when there is no indication that private right of action exists under plaintiff's identified federal criminal statutes, complaint dismissed at screening for lack of subject matter jurisdiction).  Further, as a private citizen, Mr. Ulbin cannot bring a civil action to prosecute a crime.  <u>Cok v. Cosentino</u>, 876 F.2d 1, 2 (1st Cir. 1989) (federal criminal statute cannot provide basis for jurisdiction because private citizen generally "has no authority to initiate a federal criminal prosecution").  The only other potential basis for federal subject matter jurisdiction – diversity of citizenship pursuant to 28 U.S.C. § 1332(a) – is absent in that both Plaintiff and at least one of the named defendants (Mr. Erinakes) are citizens of Rhode Island.

Based on the Court's lack of subject matter jurisdiction, I recommend that this case be summarily dismissed without prejudice.[2]

### III.  <u>Conclusion</u>

Based on the foregoing, I recommend that this case be summarily dismissed without prejudice and that Plaintiff's IFP application (ECF No. 2) be denied as moot.

Any objections to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen days of service of this report and recommendation.  <u>See</u> Fed. R. Civ. P. 72(b); DRI LR Cv 72.  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to

---

[2] With no federal subject matter jurisdiction, the Court need not address the pleading's failure conceivably to state a claim against ReMax Professional and the FedEx shipping office.

appeal the District Court's decision.  See Brenner v. Williams-Sonoma, Inc., 867 F.3d 294, 297

n.7 (1st Cir. 2017); Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
December 28, 2023