UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
_____
                                    )
JAMES ULBIN,                        )
                                    )
          Plaintiff,                )
                                    )
     v.                             )   C.A. No. 23-508 WES
                                    )
FEDEX SHIP CENTER, et al.,          )
                                    )
          Defendants.               )
_____)
```

**ORDER**

WILLIAM E. SMITH, District Judge.

Before the Court is Magistrate Judge Sullivan's Report and Recommendation ("R&R"), ECF No. 4, recommending that Plaintiff's Complaint be dismissed and Motion for Leave to Proceed In Forma Pauperis ("IFP Motion") be denied as moot.  Plaintiff's Objection to the R&R, ECF No. 5, does not respond to the merits of Judge Sullivan's R&R but, rather, moves for leave to file an amended complaint.  See Pl.'s Obj. R&R with Pl.'s Request Mot. Leave File Am. Compl. ("Mot."), ECF No. 5; Proposed Am. Compl., ECF No. 5-1. The Court will construe Plaintiff's Objection as a motion for leave.

Plaintiff's Proposed Amended Complaint ("PAC") invokes the following statutes as "private action[s]": 18 U.S.C. § 3 (federal criminal statute criminalizing being an accessory after the fact); 18 U.S.C. § 1016 (federal criminal statute establishing crime of

making a false acknowledgement as an oath administrator); 18 U.S.C. § 1017 (federal criminal statute establishing crime of fraudulently affixing the seal of the United States).  Mot. 2.  As noted in the R&R, as a private citizen, Plaintiff "cannot bring a civil action to prosecute a crime."  R&R 3 (citing Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989)).  Therefore, Plaintiff cannot bring the above criminal statutes as claims.

The PAC also invokes the Racketeer Influenced and Corrupt Organizations ("RICO") Act.  Mot. 2.  To plead civil RICO, the plaintiff must establish four elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." R&R 2 n.1 (quoting Langan v. Smith, 312 F. Supp. 3d 201, 204 (D. Mass. 2018)).  Even construing his PAC liberally in light of his pro se status, Plaintiff fails to allege facts sufficient to establish any of the elements required to state a claim for civil RICO.

Because Plaintiff cannot bring criminal statutes as claims and does not state a claim for civil RICO, Plaintiff has failed to invoke the Court's federal question jurisdiction.  See 28 U.S.C. § 1331.  Like his original Complaint, Plaintiff's PAC "appears to be asserting a state law claim against his landlord, possibly for breach of the lease agreement and/or for violation of Rhode Island statutory or common law governing the relations between landlords and tenants."  R&R 2.

2

Plaintiff wants to drop FedEx Ship Center and ReMax Professionals, and add Christopher F. DePalo, Esq., Michael J. Ulbin, and Michael J. Lepizzera, Jr., as defendants. Mot. 2. For the Court to maintain diversity jurisdiction, there must be complete diversity among the parties. See Alvarez-Torres v. Ryder Mem'l Hosp., Inc., 582 F.3d 47, 54 (1st Cir. 2009) ("[D]iversity jurisdiction does not exist where any plaintiff is a citizen of the same state as any defendant."). Plaintiff's change of parties does not cure the lack of complete diversity that Judge Sullivan identified. R&R 3. Plaintiff is a Rhode Island citizen. Id. at 1. Steve Erinakes, Plaintiff's landlord who is still named as a Defendant, is a Rhode Island citizen. Id. Further, based on the exhibits submitted by Plaintiff in support of his motion for leave, it appears that Mr. DePalo and Mr. Ulbin are Rhode Island citizens. See PXB, Waiver of Notice (Mar. 29, 2022), ECF No. 5-2; PXP, Notice of Hearing (Oct. 10, 2023), ECF No. 5-16. Because complete diversity does not exist among the parties, the Court lacks subject matter jurisdiction over Plaintiff's possible state law claims. See 28 U.S.C. § 1332.

Accordingly, after careful review, the Court ADOPTS the reasoning and recommendations of Magistrate Judge Sullivan's R&R, ECF No. 4, in full.  In addition, the Court DENIES AS MOOT Plaintiff's IFP Motion, ECF No. 2, and DENIES Plaintiff's Motion for Leave to File an Amended Complaint, ECF No. 5.


IT IS SO ORDERED.

_William E. Smith_
William E. Smith
District Judge
Date: January 16, 2024